## ROBERT F. LUDGIN *v.* COLLEEN A. MCGOWAN
## (AC 19744)

Schaller, Flynn and O'Connell, Js.

Argued March 30—officially released July 17, 2001

*Kenneth J. Bartschi*, with whom were *Wesley W. Horton* and, on the brief, *Donald J. Cantor*, for the appellant (plaintiff).

*Timothy Sheehan*, with whom, on the brief, was *Christopher D. Storm*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Robert F. Ludgin, appeals from the judgment of the trial court dissolving his marriage to the defendant, Colleen A. McGowan. On appeal, the plaintiff claims that the court improperly (1) relied on the parties' gross incomes rather than on their net incomes in fashioning the financial orders and (2) determined his child support payments by failing to comply with the child support guidelines and by failing to treat its parenting plan as a shared custody arrangement. We agree with the plaintiff's first claim and, accordingly, reverse the judgment in part without addressing the merits of his second claim.

The following facts and procedural history are necessary for a proper resolution of the plaintiff's appeal. The plaintiff, who is an attorney employed as a sole practitioner, and the defendant were married on November 13, 1988. During their marriage, the parties had one child born to them.

Claiming a breakdown in the marital relationship, the plaintiff brought this dissolution action by a complaint dated November 15, 1994. He sought joint custody of the parties' minor child. The defendant, in response, filed a cross complaint in which she sought dissolution of the marriage, custody of the minor child, alimony, child support, an assignment of the marital home and equitable division of the marital assets.

At the hearing, the parties submitted evidence as to their incomes, both gross and net. The defendant's income was easily discernable, as she was a salaried teacher employed by the Plymouth school district. The plaintiff's income, on the other hand, was more difficult to determine because he is a sole practitioner and had not yet filed his federal tax return at the time of the hearing. Consequently, the court heard a substantial amount of testimony with regard to his income.

On June 9, 1999, the court rendered judgment dissolving the parties' marriage, concluding that it had broken down irretrievably. The court, as part of the dissolution decree, ordered (1) the parties to share joint custody of their minor child, (2) the plaintiff to pay to the defendant $170 per week in child support and (3) the plaintiff to pay to the defendant $184 per week as periodic alimony for a term of four years. In its memorandum of decision, the court referred to the parties' incomes, specifically, their gross incomes. This appeal followed.

The plaintiff's first claim is that the court improperly relied on the parties' gross incomes rather than on their net incomes in fashioning the financial orders. We agree.[1]

Before discussing the merits of the plaintiff's claim, we note our well settled standard of review applicable to a court's decision regarding financial orders. "We review financial awards in dissolution actions under an abuse of discretion standard. . . . In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Lowe* v. *Lowe*, 58 Conn. App. 805, 810, 755 A.2d 338 (2000). Mindful of those principles, we

---

[1] The plaintiff also claims that the court improperly designed the financial order by miscalculating his gross income for 1998. Because we agree with the plaintiff's other argument, we need not address that claim.

now turn to the issue of whether the court incorrectly applied the law by basing its financial orders solely on the parties' gross incomes.

The defendant acknowledges, as she must, that the law governing this matter is clear. "[A] trial court must base periodic alimony and child support orders on the available net income of the parties. . . . Gross earnings is not a criterion for awards of alimony. It is the net income, which is available to the [plaintiff], which the court must consider." (Citation omitted; internal quotation marks omitted.) *Febbroriello* v. *Febbroriello*, 21 Conn. App. 200, 202, 572 A.2d 1032 (1990); see also *Collette* v. *Collette*, 177 Conn. 465, 469, 418 A.2d 891 (1979).

Here, the court ignored this principle of law. In its memorandum of decision, the court repeatedly referred to and compared the parties' gross incomes. It stated that "[t]he plaintiff's financial affidavit is not reflective of a regular weekly salary, but rather a computation of . . . gross income. The plaintiff testified that his . . . gross income for the year 1996 was $64,132 . . . for the year 1997 [it was] $65,455 . . . ." For the year 1998, the court computed that the plaintiff's gross income was $83,295, from which it determined that his gross weekly income for that year was $1600. The court then compared the difference between the plaintiff's and the defendant's gross weekly incomes for 1998. It stated: "[T]he gross weekly income for the plaintiff is a little more than $200 more per week [than the defendant's] . . . ." Although the court had before it evidence of the parties' net incomes, it appears that the court chose not to rely on such information.[2] The court's memorandum of decision is devoid of any mention of the parties'

---

[2] Both parties submitted financial affidavits in which they stated their net income. The court failed to note such income and, instead, focused on the parties' gross incomes.

net incomes. The court relied solely on the parties' gross incomes in fashioning the financial orders. We conclude, therefore, that the court improperly designed its financial orders by relying on the parties' gross incomes rather than on their net incomes.

In light of that conclusion, we need not address the plaintiff's remaining claim regarding the child support payments. "The issues involving financial orders are entirely interwoven. The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) *Sunbury* v. *Sunbury*, 210 Conn. 170, 175, 553 A.2d 612 (1989). Accordingly, we must reverse the judgment with respect to all financial orders.

The judgment is reversed as to the financial orders only and the case is remanded for a new hearing on all financial issues in accordance with law.

In this opinion the other judges concurred.