******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BETH KELLER *v.* RICHARD KELLER
(AC 36389)

Lavine, Beach and Prescott, Js.

*Argued March 12—officially released July 14, 2015*

(Appeal from Superior Court, judicial district of
Middlesex, Adelman, J.)

*Tara C. Dugo*, with whom, on the brief, was *Norman
A. Roberts II*, for the appellant (plaintiff).

*Michael J. Weil*, with whom, on the brief, was *Reuben
S. Midler*, for the appellee (defendant).

*Opinion*

BEACH, J. In this marital dissolution action, the plaintiff, Beth Keller, appeals from an order of contempt entered against her by the trial court in the course of the proceedings dissolving her marriage to the defendant, Richard Keller. The plaintiff claims that the court erred in finding her in contempt for failing to provide the defendant with her address after leaving the family home. The defendant argues that the appeal is moot. We do not agree that the appeal is moot, and we affirm the judgment of the trial court.

The record, including a prior opinion of this court, reveals the following facts and procedural history. "The parties married on August 15, 1992. They have three minor children, born in 1996, 1999 and 2002. The plaintiff brought this dissolution action in May, 2011 . . . . On July 15, 2011, the parties entered into a court-approved stipulation agreeing, among other things, that the defendant would have exclusive possession of the jointly owned marital home located in Greenwich until the final judgment in the dissolution action, [and] the parties would share custody of the children subject to an agreed parenting plan . . . ." *Keller* v. *Keller*, 141 Conn. App. 681, 682, 64 A.3d 776 (2013). The automatic orders mandated in Practice Book § 25-5 were served with the complaint. On June 8, 2012, the court approved a parenting plan, which was agreed to by both parties. The June, 2012 parenting plan contained a provision requiring that each "parent will provide the other with his or her residence address, e-mail address and all telephone and fax numbers at which he or she may regularly be reached, and will promptly provide updates as necessary." The plan also contained a provision requiring notice regarding vacation travel with children.[1]

Pursuant to the July, 2011 stipulation, the plaintiff moved out of the family residence on Echo Lane in Greenwich in July, 2011. From August, 2011 until October 16, 2013, the plaintiff lived on Hendrie Avenue in Greenwich. On October 16, 2013, the plaintiff and the minor children moved to Valley Road, Cos Cob.

On October 24, 2013, the defendant filed a motion for contempt alleging that the plaintiff was in contempt of court for violating Practice Book § 25-5 (a) (2)[2] and the June, 2012 order of the court. Following a hearing on November 6, 2013, the court held the plaintiff in contempt for failing to provide the defendant with required information regarding her new residence at 71 Valley Road. The court also held the plaintiff in contempt for violating paragraph 8 of the June, 2012 order of the court, which, inter alia, required that the plaintiff provide the defendant with sufficient notice and contact information during a vacation she took with the children to California. The court did not impose sanctions for

the contempt citations. This appeal followed.

The marriage was dissolved by the trial court in a written memorandum of decision on July 9, 2014.

I

The defendant claims that the plaintiff's appeal is moot because the court provided two reasons for finding the plaintiff in contempt, and the plaintiff is challenging only one of the reasons on appeal. Because one reason remains unchallenged, according to the defendant, the plaintiff cannot obtain practical relief, regardless of this court's action on the challenged reason. Although we generally agree with the proposition of law relied on by the defendant, we disagree that the proposition applies in the context of this case.[3]

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . .

"Concentrating on the fourth factor for justiciability, [i]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . Mootness implicates this court's subject matter jurisdiction, raising a question of law over which we exercise plenary review." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Brody* v. *Brody*, 145 Conn. App. 654, 666–67, 77 A.3d 156 (2013).

The court found[4] the plaintiff in contempt both for failing to provide the defendant with her new address, and failing to give the defendant sufficient details and contact information for a trip that she took with the children to California.[5] The defendant argues that even if this court were to conclude that the trial court erred in holding the plaintiff in contempt for failing to provide the defendant with her address, the plaintiff has not challenged the order of contempt for failing to provide details of the California vacation. The plaintiff argues that the orders were two separate findings of contempt,

and the relief she is requesting is simply to have one fewer finding of contempt on her record.[6]

From our review of the record, it appears that the trial court made two separate findings of contempt.[7] We construe the record in a manner favoring the existence of jurisdiction, where two constructions are possible. *Raftopol* v. *Ramey*, 299 Conn. 681, 695, 12 A.3d 783 (2011) ("Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. . . . [T]he general rule of jurisdiction . . . is that nothing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so . . . . [N]o court is to be ousted of its jurisdiction by implication." [Citations omitted; internal quotation marks omitted]). "Even without the imposition of a penalty, the fact that a trial court has made a finding of contempt may well affect a later court's determination of the penalty to be imposed after a future finding of contempt." *Kennedy* v. *Kennedy*, 114 Conn. App. 143, 147, 968 A.2d 1002, cert. denied, 292 Conn. 918, 973 A.2d 1275 (2009); see also *Sgarellino* v. *Hightower*, 13 Conn. App. 591, 594–95, 538 A.2d 1065 (1988). The relief requested in this appeal by the plaintiff, reversal of one of the charges of contempt, would benefit the plaintiff, however slightly.

The defendant alternatively argues that a judgment of dissolution has since been entered in this case, and the court's finding of contempt regarding the pendente lite order was subsumed by the final judgment. The defendant is correct that "[p]endente lite orders necessarily cease to exist once a final judgment in the dispute has been rendered because their purpose is extinguished at that time." (Internal quotation marks omitted.) *LaFaci-Zitzkat* v. *Zitzkat*, 19 Conn. App. 805, 806, 562 A.2d 527 (1989); see, e.g., *Altraide* v. *Altraide*, 153 Conn. App. 327, 332, 101 A.3d 317 (appeal from pendente lite orders moot after final judgment of dissolution rendered), cert. denied, 315 Conn. 905, 104 A.3d 759 (2014). The plaintiff, however, has appealed from an order of contempt for violating Practice Book § 25-5 (a) (2), which was not subsumed into the final judgment on the divorce action. See *Stoner* v. *Stoner*, 163 Conn. 345, 359, 307 A.2d 146 (1972) ("[a]n adjudication of contempt is final and may be reviewed only on questions of jurisdiction such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt" [internal quotation marks omitted]). The appeal is not moot, and this court has jurisdiction to consider the merits.

## II

The plaintiff claims that the trial court erred in finding her in contempt for violating Practice Book § 25-5 (a) (2) and paragraph 7 of the June, 2012 court order con-

taining the parenting agreement.[8] We disagree.

We turn first to the standard of review. "First, we must resolve the threshold question of whether the underlying order constituted a court order that was sufficiently clear and unambiguous so as to support a judgment of contempt. . . . This is a legal inquiry subject to de novo review. . . . Second, if we conclude that the underlying court order was sufficiently clear and unambiguous, we must then determine whether the trial court abused its discretion in issuing, or refusing to issue, a judgment of contempt, which includes a review of the trial court's determination of whether the violation was wilful[9] or excused by a good faith dispute or misunderstanding." (Footnote added; internal quotation marks omitted.) *Mekrut* v. *Suits*, 147 Conn. App. 794, 799, 84 A.3d 466 (2014).

Immediately after finding the plaintiff in contempt for failing to provide information about the vacation, the trial court stated: "Regarding the house, I'm going to find the plaintiff in contempt. . . . Moving to the new house, the giving of the address. I think it's clear that [the defendant] knew where the people were, but you have an absolute duty to give him specific information as to what your address and phone number [were]."[10] The plaintiff testified that she had verbally informed the defendant of her relocation on an occasion when they were exchanging the children: "I told him I was moving across from Dave's Cycle's into one of the two townhouses on Valley Road at the corner." She also testified that there were only two townhouses on that road, both on the corner, and that they had the same address, but one of them was clearly vacant. The plaintiff's first claim essentially is that the automatic order in Practice Book § 25-5, was at best ambiguous. The plaintiff argues that the trial court misapplied § 25-5 (a) (2) when it found her in contempt. The plaintiff argues that § 25-5 (a) (2) does not apply to the move from the Hendrie Avenue address to the Valley Road address because the plaintiff had moved to the Hendrie Avenue address from the family residence two years earlier. Application of § 25-5 (a) (2) is, according to the plaintiff, limited by its terms to requiring information about the new residence after only the initial move from a family home, and not after any subsequent moves. The defendant argues that "the trial court could have reasonably interpreted this provision to require that any time a parent who previously resided at the family residence relocates to any residence, that parent must provide the other party with written notification." The defendant also argues that from a public policy perspective, it makes little sense to require one parent to inform the other only of his or her first address after moving out of the family residence.

Practice Book § 25-5 provides in relevant part: "The following automatic orders shall apply to both parties,

with service of the automatic orders to be made with service of process of a complaint for dissolution of marriage . . . . The automatic orders shall be effective with regard to the plaintiff or the applicant upon the signing of the complaint or the application and with regard to the defendant or the respondent upon service and shall remain in place during the pendency of the action, unless terminated, modified, or amended by further order of a judicial authority upon motion of either of the parties . . . (a) . . . (2) A party vacating the family residence shall notify the other party or the other party's attorney, in writing, within forty-eight hours of such move, of an address where the relocated party can receive communication. This provision shall not apply if and to the extent there is a prior, contradictory order of a judicial authority . . . ."[11]

The plaintiff also claims that the trial court erred in finding her in contempt for violating an "absolute duty" under the June 8, 2012 stipulation and failing to notify the defendant of her new address. The plaintiff argues that she orally provided the defendant with a description of the location of her residence, and that he knew where she and the minor children were residing, because he had dropped off the children at the Valley Road address on more than one occasion before filing the motion for contempt. The June, 2012 order incorporated paragraph 7 of the parenting agreement: "Each parent will provide the other with his or her residence address, e-mail address and all telephone and fax numbers at which he or she may regularly be reached, and will promptly provide updates as necessary." The order is clear and unambiguous.

The plaintiff argues that the contempt order must be reversed because a close reading of both Practice Book § 25-5 (a) (2) and the June, 2012 order shows that neither by itself literally applied to the facts of this case. The June, 2012 order is clear on its face and, by itself, provides a basis for a finding of contempt.[12] The motion for contempt and the court's 2013 order rely on both the rules of practice and the June, 2012 order; there is one finding of contempt, which concludes that both orders were violated. Even if the defendant may have known where the new home was, the court's finding of contempt stressed that the plaintiff did not provide the defendant with all of the required contact information, including the actual address. The factual finding is not clearly erroneous. An operative address fulfills many purposes, including mailing, global positioning system location for directions, and the like. The court did not abuse its discretion in concluding that the plaintiff did not affirmatively comply with the clear order, and the court did not abuse its discretion in finding the plaintiff in contempt.

The judgment is affirmed.

In this opinion LAVINE, J., concurred.

[1] Paragraph 8 states: "Each parent will keep the other informed of the whereabouts, including a telephone number of the minor children if the children will not be sleeping in the residence of the parent for two or more nights. Either parent may take the children out of state overnight on holidays or for vacations or visitation, so long as a written itinerary containing the address and telephone number of the destination(s), travel arrangements and lodging accommodations is provided to the other parent 24 hours in advance of the departure, unless the travel is outside the New York City Metropolitan area, in which case five (5) days [advance] notice shall be required."

[2] Practice Book § 25-5 (a) (2) provides in relevant part: "A party vacating the family residence shall notify the other party or the other party's attorney, in writing, within forty-eight hours of such move, of an address where the relocated party can receive communication. . . ."

[3] The defendant also claims that the record is inadequate for review because the court did not specify in its oral ruling whether it held the plaintiff in contempt for violating Practice Book § 25-5 (a) (2) or the court's June, 2012 order adopting the parenting plan and the plaintiff failed to seek an articulation. Because we conclude that the court could have found the plaintiff in contempt under both of the bases the defendant alleged in his motion, we do not agree with the defendant that the record is inadequate for review.

[4] There was no written order of contempt. The order appears in a transcript of the proceedings.

[5] The court's finding regarding the vacation itinerary was clear: "[The plaintiff's] itinerary was worthless. It's nonsense. [The defendant] certainly had the right, certainly under the plan and just in common decency to know the name of the airline and to know the flight number. What would have happened had there been a plane crash that day? . . . [Addressing the plaintiff] . . . I think in terms of the notice regarding the vacation I will find the plaintiff to be in contempt and that she's violated [p]aragraph 8 of the agreement dated June 8, 2012."

[6] The court stated that "the mere finding of contempt is a serious sanction. It will impact future courts who may have to make rulings in this case because they will look in the file and see that you've been found to be in contempt of the court order.

"So, please don't walk away thinking because I'm not paying any money I've won. You haven't won; you've been found to be wrong. And you need to correct your behavior, you need to be more careful in the way you communicate this information to [the defendant]."

[7] The court stated: "I think, in terms of the notice regarding the vacation, I will find the plaintiff to be in contempt and that she's violated paragraph 8 of the agreement dated June 8, 2012. . . . Regarding the house, I'm going to find the plaintiff in contempt . . . . Moving to the new house, the giving of the address. I think it's clear that [the defendant] knew where the people were, but you have an absolute duty to give him specific information as to what your address and phone number . . . ."

[8] The plaintiff also argues that "it would be useless and futile to require the plaintiff to notify the defendant of [her address] which he had demonstrated (by dropping off the children at the new residence) he already knew." Even if the defendant knew generally where the children were, the plaintiff's obligation to provide him with the actual address of her residence under Practice Book § 25-5 (a) (2) and paragraph 7 of the June, 2012 order was not satisfied. We further note that the plaintiff's general location is different from her actual address; a precise address serves a number of functions.

[9] We do not address whether the plaintiff's action was wilful, because the court made no finding in that regard, and neither party has raised it in his or her brief. "[W]e presume that the trial court, in rendering its judgment . . . undertook the proper analysis of the law and the facts." (Internal quotation marks omitted.) *Brett Stone Painting & Maintenance, LLC* v. *New England Bank*, 143 Conn. App. 671, 681, 72 A.3d 1121 (2013).

[10] Neither the plaintiff nor the defendant mentions in his or her brief the failure to give a telephone number. Because we conclude that the court did not abuse its discretion in holding the plaintiff in contempt for failing to provide the defendant with her address, we need not consider whether the plaintiff's failure to provide the defendant with a current telephone number or to inform him that her telephone number had not changed violated Practice Book § 25-5 (a) (2) and the June, 2012 court order.

[11] The defendant correctly points out that the automatic orders were attached to the plaintiff's complaint and were summarized as follows: "Both

parties shall . . . [t]ell the other person in writing within forty-eight hours about your new address or a place where you can receive mail if you move out of the family home (if you share children under [eighteen] years old)."

[12] Although we need not decide whether Practice Book § 25-5 (a) (2) provided an alternative basis for contempt, we note that a construction of § 25-5 (a) (2) to the effect that there is no obligation to provide precise information after the first move from the family home may be unworkable and lead to bizarre results.